|  |  |
|---|---|
| Hearing Date: | March 17, 2026 |
| Hearing Time: | 1:00 PM |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

Hachan Chowdhury,    Chapter:     13
                     Case No.:    1-25-43533-jmm

                                     Debtor.
---------------------------------------------------------X

**NOTICE OF MOTION FOR AN ORDER TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY CODE §362(d)(1) AND MODIFYING CO-DEBTOR STAY <u>UNDER §1301</u>**

**PLEASE TAKE NOTICE** that DAJA SALES CORP., A SIX AND 36/100 PERCENT (6.36%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, LAURENCE MASCERA, A NINE AND 09/100 PERCENT (9.09%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, LAWRENCE M. WILENS, A NINE AND 09/100 PERCENT (9.09%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, LESLIE GRANOFF, A NINE AND 09/100 PERCENT (9.09%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, MICHAEL ROBERTS, A TWENTY-SEVEN AND 28/100 PERCENT (27.28%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, MICHAEL SUSSMAN, A FOURTEEN AND 55/100 PERCENT (14.55%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, NORTH-SIDE METRO ASSOCIATES, INC., AN EIGHTEEN AND 18/100 PERCENT (18.18%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, PHILIP GROSSMAN, A SIX AND 36/100 PERCENT (6.36%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED ("Movant")

1

seeks relief from the automatic stay as to the property located at 1985 Powell Avenue, Bronx, NY 10472, and will move before the Honorable Jil-Mazer Marino, United States Bankruptcy Judge in the United States Bankruptcy Court for the Eastern District of New York on **March 17, 2026 at 1:00 PM** (the "Hearing Date") or as soon thereafter as counsel may be heard for an Order:

1. Pursuant to Bankruptcy Rule 4001, 11 U.S.C.§§105(a) and 362(d)(1), granting Movant, its successors and/or assigns, relief from the automatic stay due to the Debtor's failure to provide Movant with adequate protection for its security; and

2. Granting relief from Co-Debtor stay as it applies to Powell 1023 Corp. pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C § 1301; and for such other and further relief as to this Court may seem just and proper; and

3. Granting Movant such other and further relief as is just and proper under the circumstances of this case.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Movant seven (7) days prior to the Hearing Date.

Parties may appear in person, by phone, or by videoconference for hearings to be heard by Judge Mazer-Marino.

### Mandatory Registration for Hearings through eCourt Appearances

Regardless of whether a hearing is by phone, videoconference, or in person, all hearing participants must register with eCourt Appearances in advance of every appearance. eCourt Appearances registration is required by attorneys and non-attorneys.

The general public, including the press, are not required or permitted to register for hearings through eCourt Appearances. The eCourt Appearances platform is for use exclusively by parties and their professionals.

CM/ECF accounts are not necessary for eCourt Appearances. Attorneys with an CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF.

**To register for eCourt Appearances and for more information on eCourt Appearances, including a tutorial: https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances**

Once registered, eCourt Appearances will email the telephone number, video link, and courtroom address for your hearing. You may register for hearings weeks in advance, but the telephone number and video link will not be sent to you until 48 hours before the hearing date. Those registering with eCourt Appearances for hearings less than 48 hours in advance should allow up to 15 minutes after registration to receive the email with the hearing information.

Those unable to access eCourt Appearances must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

Dated: Syosset, New York
January 23, 2026

**Margolin, Weinreb & Nierer, LLP**

By: /s/ Andrew Goldberg
Andrew Goldberg, Esq.
Attorneys for Movant
575 Underhill Boulevard, Suite 224
Syosset, New York 11791
(516) 921-3838
andrew@nyfclaw.com

Debtor:
Hachan Chowdhury
1985 Powell Avenue
Bronx, NY 10472

Non-Filing Co-Debtor:
Powell 1023 Corp.
1985 Powell Avenue
Bronx, NY 10472

Trustee:
Michael J. Macco Trustee
2950 Express Dr S
Ste 109
Islandia, NY 11749

US Trustee:
Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Hachan Chowdhury,                                   Chapter:    13
                                                    Case No.:   1-25-43533-jmm

                          Debtor.
-----------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION FOR AN ORDER TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY CODE §362(d)(1) AND MODIFYING THE CO-DEBTOR STAY UNDER BANKRUPTCY CODE §1301**

Andrew Goldberg, Esq., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1.  I am an attorney with Margolin, Weinreb & Nierer, LLP, attorneys for DAJA SALES CORP., A SIX AND 36/100 PERCENT (6.36%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, LAURENCE MASCERA, A NINE AND 09/100 PERCENT (9.09%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, LAWRENCE M. WILENS, A NINE AND 09/100 PERCENT (9.09%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, LESLIE GRANOFF, A NINE AND 09/100 PERCENT (9.09%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, MICHAEL ROBERTS, A TWENTY-SEVEN AND 28/100 PERCENT (27.28%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, MICHAEL SUSSMAN, A FOURTEEN AND 55/100 PERCENT (14.55%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, NORTH-SIDE METRO ASSOCIATES, INC., AN EIGHTEEN AND 18/100 PERCENT (18.18%) OWNERSHIP INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED, PHILIP GROSSMAN, A SIX AND 36/100 PERCENT (6.36%) OWNERSHIP

INTEREST IN THE MORTGAGE HEREINAFTER DESCRIBED (hereinafter the "Movant"), and as such am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in Support of the Movant's motion for an Order (i) terminating the automatic stay with respect to the property located at 1985 Powell Avenue, Bronx, NY 10472 (the "Property"); (ii) modifying co-debtor stay as to Powell 1023 Corp. pursuant to Bankruptcy Code §1301; and (iii) granting Movant such other relief as the Court deems just. A copy of the order the proposed order is attached as **Exhibit A**.

## Background

3. Movant is a secured creditor of the Debtor pursuant to a Mortgage Note and Mortgage (the "Loan Documents") dated August 25, 2021 in the original principal amount of $550,000.00 executed by the Debtor as President of Powell 1023 Corp. A copy of the Loan Documents are annexed hereto as **Exhibit B**.

4. Debtor also executed a Guaranty of Payment which was signed by the Debtor "individually, and as a Guarantor". A copy of the Guaranty of Payment is annexed hereto as **Exhibit B**.

5. Movant is an entity entitled to enforce the Note.

6. All rights and remedies under the Mortgage have been assigned to Movant pursuant to that certain Assignment of Mortgage, a copy of which is attached hereto as **Exhibit B**.

7. All obligations (collectively, the "obligations") of the Debtor under and with respect to the Loan Documents are secured by the Property.

8. Pursuant to the terms of the Loan Documents, the loan matured September 1, 2022. See **Exhibit B**.

9. As the loan became delinquent, a foreclosure action was commenced on or about January 26, 2023 in the Supreme Court of the State of New York, County of Bronx at Index No. 801455/2023E.

10. A Judgment of Foreclosure and Sale was entered by the Honorable Fidel E. Gomez, J.S.C. on March 28, 2025. A copy of the entered Judgment of Foreclosure and Sale is annexed hereto as **Exhibit C**.

11. A foreclosure sale was then scheduled for July 7, 2025.

12. A Bankruptcy petition was then filed with this Court by Powell 1023 Corp. on July 6, 2025 under Case No. 1-25-43219-jmm thereby staying the scheduled foreclosure sale.

13. Debtor then filed the present Bankruptcy petition under Case No. 1-25-43533-jmm on July 28, 2025.

14. The Court should note that Case No. 1-25-43219-jmm is pending a voluntary dismissal as of the date of this Motion.

<u>Cause Exists to Terminate the Stay under Bankruptcy Code §362(d)(1)</u>

15. Bankruptcy Code §362(d)(1) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…"

16. Here, the Debtor has failed to provide Movant with adequate protection with regard to the Property. As noted previously, the loan matured September 1, 2022. Debtor has failed to make any payments toward the total debt. The Debtor's filed Chapter 13 Plan, in fact, makes no provisions for payment as to Movant's lien.

17. Pursuant to the District Worksheet, there is currently a total debt due to Movant in the approximate amount of $1,004,906.60. A copy of the District Worksheet is attached hereto as **Exhibit D**.

18. As a result, relief from stay is warranted pursuant to §362(d)(1).

### Relief from Co-Debtor Stay

19. This Court should also grant the Movant relief from the Co-Debtor Stay as to the Non-Filing Co-Debtor Powell 1023 Corp. Section 1301(c)(3) of the Bankruptcy Code provides that, on request of a party-in-interest and after notice and hearing, the Court shall grant relief from the Co-Debtor Stay with respect to a creditor "to the extent that…such creditor's interest would be irreparably harmed by continuation of such stay." If the Court grants the Movant relief from the Automatic Stay but not to the Co-Debtor Stay, then the Movant will still not be permitted to take any and all action under applicable state law to exercise its remedies against the Property. Thus, the continuation of the Co-Debtor Stay would irreparably harm the Movant's interest in the Property.

**WHEREFORE**, it is respectfully requested that this Court enter an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the stay pursuant to Bankruptcy Code §362(d)(1) for the Debtor's failure to provide adequate protection to the Movant with regard to the Property; and

2. An Order granting relief from Co-Debtor stay as it applies to Powell 1023 Corp.; pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C. §1301; and

3. For such other relief as the Court deems proper.

Dated: Syosset, New York  
       January 23, 2026

**Margolin, Weinreb & Nierer, LLP**

By: _/s/ Andrew Goldberg_  
Andrew Goldberg, Esq.  
Attorneys for Movant  
575 Underhill Boulevard, Suite 224  
Syosset, New York 11791  
(516) 921-3838  
andrew@nyfclaw.com