EXHIBIT B

# MORTGAGE NOTE

$550,000.00

Dated: August 5, 2021             Syosset, New York

FOR VALUE RECEIVED,

POWELL 1023 CORP., a New York corporation, having its office c/o Hashan Choudhury, at 1507 Metropolitan 1B, Bronx, New York 10462,

                                                 Borrower,

Promise(s) to pay to:

MW LENDING LLC, a New York limited liability company, having its office at 6800 Jericho Turnpike, Suite 212E, Syosset, New York 11791

                                                 Lender,

or order, at 6800 Jericho Turnpike, Suite 212E, Syosset, New York 11791, or at such other place as may be designated in writing by the holder of this Mortgage Note, the principal sum of Five Hundred Fifty Thousand and 00/100 U.S. Dollars ($550,000.00), lawful money of the United States, together with interest thereon on the unpaid balance at the rate of twelve percent (12%) per annum, payable in eleven (11) equal monthly installments of interest only in the amount of Five Thousand Five Hundred and 00/100 U.S. Dollars ($5,500.00), due commencing on the first (1st) day of October, 2021, next ensuing, and on the first (1st) day of each consecutive succeeding month thereafter until September 1, 2022 (the "Maturity Date") when the entire unpaid principal balance of Five Hundred Fifty Thousand and 00/100 U.S. Dollars ($550,000.00), together with all accrued and unpaid interest thereon, and all late charges accrued, if any, shall be paid in full. Payments shall be applied first toward the payment of interest earned at the rate of twelve percent per annum (12%); then toward principal; then toward the payment of additional charges incurred, if any. The Borrower has paid interest on the date hereof at the rate of Twelve percent (12%) per annum for the interest that will accrue from the date hereof through and including August 31, 2021, being the "short interest" period.

Borrower shall have the right to prepay this Mortgage Note obligation at any time, in whole only, after six (6) months of full interest has been paid to Lender, following the date of the making of this Mortgage Note. There shall be no partial prepayments of the Mortgage Note obligation.

Borrower shall pay a five percent (5%) Late Charge penalty on the payment due if any monthly interest installment payment due is not received by the Lender within seven (7) days from the due date.

In the event Borrower fails to make a timely monthly installment payment, or in the event the Borrower fails to pay this Note in full on the Maturity Date, either of said failure(s) shall constitute an event of default, and the interest rate shall increase to a default rate of interest equal

to twenty-four percent (24%) per annum, but such default rate shall not exceed the maximum rate of interest provided by law as may be applicable to the Borrower. Upon any such default in making any payment that is due, beyond any applicable grace period, Lender shall have the right to accelerate all sums due under this Mortgage Note.

At the closing and funding of this Mortgage Note, the Borrower agrees to make a separate payment which shall be paid to Next Step Lending, LLC (Interest account) in the amount of Twenty-Two Thousand and 00/100 Dollars ($22,000.00). Said amount is equal to a fund for the payment of four months of interest due on this Mortgage Note. (This amount is hereinafter referred to as the "Interest Reserve"). Next Step Lending, LLC, shall act as the Escrow Agent for the Interest Reserve. The first monthly payment due on this Mortgage Note is that payment due on October 1, 2021 which payment shall be paid by the Escrow Agent from the Interest Reserve to Lender and thereafter, the Escrow Agent shall release from the Interest Reserve the monthly payments due monthly on the first of each month through and including the monthly interest payment due January 1, 2022.

Additionally, at the closing and funding of this Mortgage Note, for the interest payments due monthly commencing with the payment due December 1, 2021, the Borrower agrees to deliver eight (8) separate checks payable to the loan servicing agent, "Next Step Lending, LLC" (hereinafter "Next Step"), drawn on Borrower's local bank account, each in the amount of $5,000.00, and dated as follows:

1. the check delivered at closing for the payment due February 1, 2022 shall be dated January 28, 2022;
2. the check delivered at closing for the payment due March 1, 2022 shall be dated February 28, 2022;
3. the check delivered at closing for the payment due April 1, 2022 shall be dated March 28, 2022;
4. the check delivered at closing for the payment due May 1, 2022 shall be dated April 28, 2022;
5. the check delivered at closing for the payment due June 1, 2022 shall be dated May 28, 2022;
6. the check delivered at closing for the payment due July 1, 2022 shall be dated June 28, 2022;
7. the check delivered at closing for the payment due August 1, 2022 shall be dated July 28, 2022; and
8. the check delivered at closing for the payment due September 1, 2022 shall be dated August 28, 2022.

The post-dated checks shall be delivered to and held by Next Step to be deposited by Next Step on the date of each post-dated check for immediate tender.

THE BORROWER SHALL MAKE ALL PAYMENTS FROM ITS OWN FUNDS FOR ANY AND ALL MONTHLY SUMS DUE THEREAFTER AND ALL OUTSTANDING

2

SUMS DUE ON THE MATURITY DATE FOR PRINCIPAL, INTEREST, OR LATE CHARGES.

The Borrower agrees to pay a fee of two (2%) percent of the outstanding principal amount of the mortgage if, and the Loan is current, the Borrower obtains a written extension of the Maturity Date of the Loan, prior to the Maturity Date of the Loan, (signed by the Lender or it's servicing agent) for an additional four (4) months following the original maturity date of the loan. In the event the Borrower fails to obtain a written extension of the Maturity Date of the loan, and the loan remains unpaid on the Maturity Date, Borrower agrees to pay a fee of three (3%) percent of the outstanding principal amount of the mortgage for failing to pay off the loan on the Maturity Date.

IT IS HEREBY EXPRESSLY AGREED that the said principal sum secured by this Mortgage Note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of this Mortgage Note, or under the Mortgage securing this Mortgage Note, said principal sum may or shall become due and payable; also that all of the covenants, conditions and agreements contained in said Mortgage are hereby made part of this instrument.

It is expressly understood and agreed that in the event the Borrower of this Mortgage Note or any corporate or individual Guarantor of this Mortgage Note shall default under the terms of any such guaranty or other agreement between such guarantor and Lender, and such default is not timely cured pursuant to the terms of any such other guaranty or agreement between such guarantor and Lender, then the same shall constitute a default hereunder.

Presentment for payment, notice of dishonor, or protest and notice of protest are hereby waived.

THE BORROWER WAIVES ITS RIGHT TO A JURY TRIAL WITH RESPECT TO ANY ACTION OR CLAIM ARISING OUT OF ANY DISPUTE IN CONNECTION WITH THIS MORTGAGE NOTE OR THE MORTGAGE SECURING THIS MORTGAGE NOTE, AND ANY AGREEMENTS, ANY RIGHTS, REMEDIES, OBLIGATIONS, OR DUTIES HEREUNDER, OR THE PERFORMANCE OR ENFORCEMENT HEREOF OR THEREOF. Except as prohibited by law, the Borrower waives any right which it may have to claim or recover in any litigation referred to in the preceding sentence any special, exemplary, punitive or consequential damages or any damages other than, or in addition to, actual damages.

This Mortgage Note is secured by a Mortgage made by the Borrower to the Lender of even date herewith, on the parcel of property situate in the County and Borough of Bronx, located in Bronx, City of New York, State of New York, described as follows (the "Property"):

A residential single-family dwelling known as and by the street address of
1985 Powell Avenue, Bronx, New York.

On the tax map of Bronx County, New York, with a tax map designation of:
Block 3792, Lot 55

This Mortgage Note may not be changed or terminated orally.

POWELL 1023 CORP., a New York corporation

By: X HACHA∞

Hachan Choudhury, Its President

Witness:

Esq. without recourse

STATE OF NEW YORK
COUNTY OF NASSAU

On the 5th day of August, 2021, before me, the undersigned, a Notary Public in the State of New York, personally appeared HACHAN CHOUDHURY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, that by her/his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

(SEAL)

Notary Public

Aaron J Rosati
Notary Public, State of New York
No. ........................
Qualified in Kings County
Commission Expires February 1, 2022

4

# MORTGAGE NOTE

POWELL 1023 CORP., Borrower

to

MW LENDING LLC, Lender

$550,000.00        AUGUST 5, 2021

Secured by a $550,000.00 Mortgage on:

A residential single-family dwelling known as and by the street address of
1985 Powell Avenue, Bronx, New York,

On the tax map of Bronx County, New York, with a tax map designation of:
Block 3792, Lot 55

DISTRIBUTED BY:    OMNI TITLE AGENCY

5

**ALLONGE**

Re: Mortgage Note, in the original principal amount of $550,000.00 dated August 5, 2021, executed by POWELL 1023 CORP. ("Borrower"), and payable to the order of MW LENDING, LLC ("Lender"). The Mortgage from POWELL 1023 CORP. to MW LENDING, LLC, dated August 5, 2021, in the principal amount of $550,000.00 is to be recorded in the Office of the City Register of the City of New York.

Pay to the order of DAJA REALTY CORP., as to 6.36% of the Mortgage Note; and to LAURENCE MASCERA, as to 9.09% of the Mortgage Note; and to LAWRENCE M. WILENS, as to 9.09% of the Mortgage Note; and to LESLIE GRANOFF, as to 9.09% of the Mortgage Note; and to MICHAEL ROBERTS, as to 27.28% of the Mortgage Note; and to MICHAEL SUSSMAN, as to 14.55% of the Mortgage Note; and to NORTH-SIDE METRO ASSOCIATES, INC., as to 18.18% of the Mortgage Note; and to PHILIP GROSSMAN, as to 6.36% of the Mortgage Note. MW LENDING, LLC has the absolute right to assign the Mortgage Note, and the outstanding principal balance remaining thereon, as of the date hereof is the principal sum of $550,000.00 with interest thereon that accrues from August 5, 2021. The address of the property mortgaged is 1985 Powell Avenue, Bronx, New York, Bronx County, State of New York, with a tax map designation of Block 3792, Lot 55, Bronx County, State of New York.

MW LENDING, LLC (Assignor)

By: _____

Michael Weinreb, Authorized Agent

Dated August 5, 2021

## GUARANTY OF PAYMENT

THIS GUARANTY OF PAYMENT dated the 5th day of August 2021, made by HACHAN CHOUDHURY, residing at 1520 Metropolitan Avenue, 2F, Bronx, New York 10462 (hereinafter referred to as the "Guarantor"), for the benefit of MW Lending LLC, (and its successors and/or assigns), having an address at 6800 Jericho Turnpike, Suite 212E, Syosset, New York 11791 (the "Lender").

### WITNESSETH:

WHEREAS, POWELL 1023 CORP., a New York corporation ("Borrower") has applied to Lender for a loan in the principal amount of Five Hundred Fifty Thousand and 00/100 ($550,000.00) Dollars (the "Loan"), which loan will be evidenced by the Mortgage Note and secured by the Mortgage described in Schedule "A" attached hereto; and

WHEREAS, Lender is willing to make the Loan to Borrower only if the Guarantor executes and delivers this Guaranty and guarantees payment to Lender of the Debts (as herein defined) in the manner provided:

NOW THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt of which is hereby acknowledged, and in order to induce Lender to make the Loan to Borrower, the Guarantor hereby covenants and agrees with Lender as follows:

1.    The Guarantor hereby guarantees, absolutely and unconditionally, to Lender the payment of the Debt. The term "Debt" as used in this Guaranty shall mean all principal, interest, additional interest, late charges, default interest, and all other sums of any nature whatsoever which may or shall become due and payable pursuant to the provisions of the Mortgage Note or the Mortgage described in Schedule "A" of this Guaranty.

2.    The Guarantor agrees that, with or without notice or demand, the Guarantor will reimburse Lender for all costs and expenses (including, without limitation, reasonable attorney's fees) incurred by Lender in connection with the collection of the Debt or any portion thereof or in any action or proceeding brought by Lender to enforce the obligations of the Guarantor under this Guaranty.

3.    All monies available to Lender for application in payment or reduction of the Debt may be applied by Lender in such manner and in such amounts and at such time or times and in such order, priority and proportions as Lender may to the payment or reduction of such portion of the Debt as Lender may elect.

4.    The Guarantor hereby consents that from time to time, before or after any default by Borrower, with or without further notice to or consent from Guarantor, and without taking account of any security at any time held by or available to Lender for any obligation of Borrower, or any security at any time held by or available to Lender for any obligation of any person or party secondarily or otherwise liable for all or any portion of the Debt, may be exchanged, surrendered or released and any obligation of Borrower, or of any such other person

or party, may be changed, altered, renewed, extended, continued, surrendered, compromised, waived or released in whole or in part, or any default with respect thereto waived, and Lender may fail to set off and may release, in whole or in part, any balance of any deposit account or credit on its books in favor of Borrower, or of any such other person or party, and may extend further credit in any manner whatsoever to Borrower, and generally deal with Borrower or any such security or other person or party as Lender may see fit; and the Guarantor shall remain bound under this Guaranty notwithstanding any such exchange, surrender, release, change, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing.

5.    The Guarantor hereby waives (a) notice of acceptance of this Guaranty and of the making of the Loan or any advance thereof by Lender to Borrower; (b) presentment and demand for payment of the Debt or any portion thereof; (c) protest and notice of dishonor or default to the Guarantor or to any other person or party with respect to the Debt or any portion thereof; (d) all other notices to which the Guarantor might otherwise be entitled; and (d) any demand for payment under this Guaranty.

6.    This is a Guaranty of payment and not of collection and the Guarantor further waives any right to require that any action be brought against the Borrower or any other person or party or to require that resort be had to any security or to any balance of any deposit account or credit on the book of Lender in favor of Borrower or any other person or party.

7.    Each reference herein to Lender shall be deemed to include its successors and assigns, in whose favor the provisions of this Guaranty shall also inure. Each reference herein to the Guarantor shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of the Guarantor, all of whom shall be bound by the provisions of this Guaranty, provided, however, that the Guarantor shall in no event or under any circumstance have the right without obtaining the prior written consent of Lender to assign or transfer the obligations and liabilities of the Guarantor under the Guaranty, in whole or in part, to any other person, party, or entity.

8.    If any party hereto shall be a partnership, the agreements and obligations on the part of the Guarantor shall remain in force and application notwithstanding any changes in the individuals composing the partnership and the term "Guarantor" shall include any altered or successive partnerships but the predecessor partnerships and their partners shall not thereby be released from any obligations or liability thereunder.

9.    No delay on the part of Lender in exercising any right or remedy under this Guaranty or failure to exercise the same shall operate as a waiver in whole or in part of any such right or remedy. No notice to or demand on the Guarantor shall be deemed to be a waiver of the obligation of the Guarantor or of the right of Lender to take further action without notice or demand as provided in this Guaranty.

10.    The Guaranty may only be modified, amended, changed or terminated by an agreement in writing signed by Lender and the Guarantor. No waiver of any term, covenant or

provision of this Guaranty shall be effective unless given in writing by Lender and if so given by Lender shall be effective only in the specific instance in which given.

11.    The Guarantor acknowledges that this Guaranty and the obligations of the Guarantor under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects, and joint and several for each Guarantor hereunder if there are more than one guarantor, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever which might otherwise constitute a defense to this Guaranty and the obligations of the Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Loan. This Guaranty sets forth the entire agreement and understanding of the Lender and the Guarantor, and the Guarantor absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim of any nature whatsoever (except mandatory counterclaim) with respect to this Guaranty or the obligations of the Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or otherwise with respect to the Loan, or in any action or proceeding brought by Lender to collect the Debt, or any portion thereof, or to enforce the obligations of the Guarantor under this Guaranty. The Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations of the Guarantor under this Guaranty, except those specifically set forth in this Guaranty.

12.    The Guarantor hereby irrevocably and unconditionally waives any and all right to trial by jury in any action arising in connection with, out of or otherwise relating to this Guaranty.

13.    Any notice, request or demand given or made under this Guaranty shall be in writing and shall be made by hand delivery, overnight courier service or by postage prepaid certified mail, return receipt requested, and shall be deemed given on the date sent:

|  |  |
|---|---|
| If to Lender: | MW Lending LLC<br>Attn: Michael Weinreb, Esquire<br>6800 Jericho Turnpike, Suite 212 E<br>Syosset, New York 11791 |
| With a Copy to: | Gary C. Granoff, Esquire<br>2000 South Ocean Blvd., Suite 303N<br>Palm Beach, Florida 33480 |
| If to the Guarantor: | Hachan Choudhury<br>1507 Metropolitan Avenue, 1B<br>Bronx, New York 10462 |
| With a copy to: |  |

Each party to this Guaranty may designate a change of address by notice given to the other party fifteen (15) days prior to the date such change of address is to become effective.

14.    This Guaranty is and shall be deemed to be a contract entered into under and pursuant to the laws of the State of New York and shall in all respects be governed, construed, applied and enforced in accordance with the laws of the State of New York.

15.    The Guarantor agrees to submit to personal jurisdiction in the State of New York in any court of jurisdiction located in Nassau County, New York in any action or proceeding arising out of this Guaranty.

16.    This Guaranty may be executed in counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Guarantor has duly executed this Guaranty the day and years first above set forth.

HACHAN CHOWDHURY, individually,
and as a Guarantor

STATE OF NEW YORK
COUNTY OF NASSAU

On the 5th day of August, 2021, before me, the undersigned, a Notary Public in the State of New York, personally appeared HACHAN CHOWDHURY, personally known to me or who each proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and each who acknowledged to me that she/he executed the same in her/his capacity, that by her/his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

(SEAL)

Notary Public

Schedule "A"

(Schedule to Guaranty of HACHAN CHOWDHURY to
MW Lending LLC, as Lender)

1.    Mortgage Note dated August 5, 2021, in the original principal amount of Five Hundred
Fifty Thousand and 00/100 U.S. dollars ($550,000.00) made by POWELL 1023 CORP. to MW
LENDING LLC.

2.    Mortgage dated August 5, 2021, in the original principal amount of Five Hundred Fifty
Thousand and 00/100 US. Dollars ($550,000.00) made by POWELL 1023 CORP. to MW
LENDING LLC and intended to be recorded in the and intended to be recorded in the Office of
the City Register of the City of New York, Bronx County, and encumbering premises known as
1985 Powell Avenue, Bronx, New York.

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. |  2021081801065002001EE70A |

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 10 |
|---|---|---|
| Document ID: 2021081801065002 | Document Date: 08-05-2021 | Preparation Date: 08-18-2021 |
| Document Type: MORTGAGE | | |
| Document Page Count: 9 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| OMNI TITLE AGENCY | OMNI TITLE AGENCY |
| 6800 JERICHO TURNPIKE, SUITE 212E | 6800 JERICHO TURNPIKE, SUITE 212E |
| 2101-2974049 | 2101-2974049 |
| SYOSSET, NY 11791 | SYOSSET, NY 11791 |
| 516-621-1100 | 516-621-1100 |
| GIO@OMNITITLE.COM | GIO@OMNITITLE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 3792 | 55 | Entire Lot | 1985 POWELL AVENUE |

Property Type: DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

CRFN_____ or DocumentID_____ or _____Year____ Reel____ Page____ or File Number_____

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| POWELL 1023 CORP | MW LENDING LLC |
| C/O HACHAN CHODHURY, 1507 METROPOLITAN 1B | 6800 JERICHO TURNPIKE, STE 212E |
| BRONX, NY 10462 | SYOSSET, NY 11791 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 550,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 550,000.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 2,750.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 6,187.50 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 1,375.00 | RECORDED OR FILED IN THE OFFICE | | |
| MTA: | $ | 1,620.00 | OF THE CITY REGISTER OF THE | | |
| NYCTA: | $ | 0.00 | CITY OF NEW YORK | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed   08-27-2021 13:59 | | |
| TOTAL: | $ | 11,932.50 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 83.00 | 2021000340627 | | |
| Affidavit Fee: | $ | 0.00 | | | |

*City Register Official Signature*

### First Mortgage – Individual or Corporation

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS MORTGAGE, made the 5th day of August, in the year 2021,

BETWEEN

POWELL 1023 CORP., a New York corporation, having its office c/o Hachan Choudhury, at 1507 Metropolitan 1B, Bronx, New York 10462,

the Mortgagor,

and

MW LENDING LLC, a New York limited liability company, maintaining an office at 6800 Jericho Turnpike, Suite 212E, Syosset, New York 11791

the Mortgagee,



This Mortgage is being given as collateral for a certain Mortgage Note of even date herewith made by POWELL 1023 CORP., to MW LENDING LLC in the principal sum of Five Hundred Fifty Thousand and 00/100 U.S. Dollars ($550,000.00).

Mortgagor hereby represents that it executed a Mortgage Note dated August 5, 2021, the terms of which are incorporated into and made a part of this Mortgage by reference, and a default under the terms of said Mortgage Note shall be deemed a default hereunder, entitling the Mortgagee to accelerate the debt secured hereunder and to foreclose the lien of this Mortgage. The Mortgage Note states that the Mortgagor owes the Mortgagee the principal amount of Five Hundred Fifty Thousand and 00/100 U.S. Dollars ($550,000.00), plus interest, any prepayment charges, late charges, and other amounts that may be payable.

Mortgagor has promised to pay this debt in periodic payments and to pay the debt in full by September 1, 2022 (the "Maturity Date").

WITNESSETH, that to secure the payment of the indebtedness in the sum of Five Hundred Fifty Thousand and 00/100 U.S. Dollars ($550,000.00), lawful money of the United States, together with interest thereon and any other amounts that may be payable, pursuant to the terms of a Mortgage Note dated August 5, 2021, to be paid to Mortgagee at 6800 Jericho Turnpike, Suite 212E, Syosset, New York 11791, or such other place as the Mortgagee may designate, the Mortgagor hereby mortgages to the Mortgagee the Premises described in Schedule A annexed to this Mortgage (referred to in this Mortgage as the "Premises" or the "Mortgaged Premises") and made a part hereof and the Mortgagor grants a security interest in and to all fixtures and personal property utilized in the operation of the Mortgaged Premises:

Said Mortgaged Premises consists of a residential one-family dwelling located and known as and by the street address of 1985 Powell Avenue, Bronx, New York 10472 with a tax map designation of:

Block 3792, Lot 55
County and Borough of Bronx, and City and State of New York

TOGETHER with all right, title and interest of the mortgagor in and to the land lying in the streets and roads in front of and adjoining said premises;

TOGETHER with a security interest in all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plumbing and bathroom fixtures, refrigeration, air conditioning and sprinkler systems, wash-tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

TOGETHER with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

It is expressly understood and agreed that in the event the Mortgagor of this Mortgage or any entity owned in part or in full by the Guarantor of the Mortgage Note secured by this Mortgage shall default under the terms of any other Mortgage Note or Mortgage or any other agreement between the Mortgagor of this Mortgage or any entity owned in part or in full by the Guarantor of this Mortgage Note or Mortgage and any of the Mortgagees of this Mortgage, and such default is not timely cured pursuant to the terms of any such other Mortgage Note or Mortgage or other agreement, then the same shall constitute a default hereunder, entitling the Mortgagee to accelerate the debt secured hereunder and to foreclose the lien of this Mortgage.

AND the mortgagor covenants with the mortgagee as follows:

1.  That the Mortgagor will pay the indebtedness as hereinbefore provided.

2.  That the Mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that it will assign and deliver the policies to the mortgagee; and that it will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3.  That no building on the premises shall be altered, removed or demolished without the consent of the Mortgagee.

4.  That the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any instalment of principal or of interest for ten (10) days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in installments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first installment becomes due or payable or a lien.

5.  That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6.  That the Mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same. In the event the Mortgagee advances funds to pay taxes, assessments, sewer rents or water charges, or to pay any prior lien or mortgage, or insurance premiums, said advances shall bear interest at the rate of two (2%) per cent per month, but not greater than the highest rate permitted by law as applied to the mortgagor that is the borrower under this Mortgage; At the option of the Mortgagee, the Mortgagor shall pay to the Mortgagee on the twenty-seventh (27th) day of

2

each month, a sum equal to one-twelfth (1/12th) of the annual real estate taxes and water and sewer charges assessed to the Mortgaged Premises.

7.    That the Mortgagor within five (5) days upon request, in person or within ten (10) days upon request by mail, will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8.    That notice and demand or request may be in writing and may be served in person or by mail.

9.    That the Mortgagor warrants the title to the Premises.

10.    That the fire insurance policies required by paragraph No. 2 above, shall contain the usual extended coverage endorsement; that in addition thereto the Mortgagor, within thirty (30) days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11.    That in case of a foreclosure sale, said Premises, or so much thereof as may be affected by this Mortgage, may be sold in one parcel

12.    That if any action or proceeding be commenced (except an action to foreclose this Mortgage or to collect the debt secured thereby), to which action or proceeding the Mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the Mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this Mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent per annum, and any such sum and the interest thereon shall be a lien on said Premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this Mortgage, and shall be deemed to be secured by this Mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

13.    That the Mortgagor hereby assigns to the Mortgagee the rents, issues and profits of the premises as further security for the payment of said indebtedness, and the Mortgagor grants to the Mortgagee the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this Mortgage is paid. The Mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents, issues and profits, and the Mortgagor be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this Mortgage, and shall use such rents, issues and profits in payment of principal and interest becoming due on this Mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said Premises, but such right of the Mortgagor may be revoked by the Mortgagee upon any default, on five days' written notice. The Mortgagor will not, without the written consent of the Mortgagee, receive or collect rent from any tenant of said Premises or any part thereof for a period of more than one month in advance, and in the event of any default under this Mortgage will pay monthly in advance.

14.    In the event of any default under this Mortgage, upon five (5) days written notice to the Mortgagor by certified mail, return receipt requested, the Mortgagor shall surrender to the Mortgagee possession of the Premises, and shall permit the Mortgagee to let same, and to collect all rents thereof which are due or which become due, and to apply same to the payment of all necessary charges and expenses incurred on account of the indebtedness. In the event that the expenses of the Mortgagee exceed the rents actually collected by the Mortgagee, the amount of any such deficit shall be added to all amounts due pursuant to this Mortgage and shall bear interest at the rate of two (2%) per cent per month, or the highest rate permitted by law. The Mortgagee, at its option, shall be entitled to dispossess by summary proceedings or otherwise, any tenant defaulting in the payment to the Mortgagee, regardless of whether the Mortgagee has commenced an action to foreclose. The Mortgagor will pay monthly in advance to the Mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said Premises or of such part thereof as may be in the possession of the Mortgagor, and upon default in any such payment will vacate and surrender the possession of said Premises to the Mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

15.    In the event Mortgagee commences an action to foreclose or any other action or proceeding to collect any money due to the Mortgagee by the Mortgagor, Mortgagor shall relinquish to the Mortgagee all sums constituting rental security of all tenants, retained by the Mortgagor in trust or otherwise in the control or benefit of the Mortgagor

16.    That the whole of said principal sum and the interest shall become due at the option of the Mortgagee: (a) after failure to exhibit to the mortgagee, within ten (10) days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the Premises

3

without the written consent of the Mortgagee; or (c) after the assignment of the rents of the Premises or any part thereof without the written consent of the Mortgagee; or (d) if the buildings on said Premises are not maintained in reasonably good repair; or (e) intentionally deleted; or (f) if on application of the Mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the Premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the Mortgagor, in the event of the passage of any law deducting from the value of the land for the purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the Mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this Mortgage.

17.   That the Mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

18.   That the execution of this Mortgage has been duly authorized by the board of directors of the Mortgagor.

19.   That the Mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

20.   That in the event of reduction of this obligation to judgment, the Mortgagee shall have a posterior cause of action against the Mortgagor and any Guarantor for any deficiency resulting in the sale of the Premises.

21.   If the Mortgagor fails to pay any installment of principal or interest on any prior mortgage when the same becomes due, the Mortgagee may pay the same, and the Mortgagor on demand will repay the amount so paid with interest thereon at the default rate of two percent (2%) per month, but not greater than the highest rate permitted by law, and the same shall be added to the Mortgage indebtedness and be secured by this Mortgage.

22.   This is a six (6) month minimum Mortgage loan; with six (6) months' minimum full interest due to the Mortgagee. If the Mortgagor seeks to prepay this loan in full within six (6) months from the date hereof, then Mortgagor shall pay to Mortgagee the sum equal to six (6) months' interest, minus all interest paid to Mortgagee prior to the date of prepayment. There shall be no partial prepayments of this loan.

23.   Mortgagor's bankruptcy will not be a defense for being in default or for failure to make mortgage installment payments in a timely manner.

24.   If, after default by the Mortgagor under this Mortgage, Mortgagee procures a foreclosure search from a title company, and before foreclosure is commenced, the Mortgagor cures the default, the Mortgagor shall pay to the Mortgagee the costs of said search, plus attorney's fees and disbursement expenses; said amounts to be added to the principal sum then due and owing on the Mortgage, plus interest due to the Mortgagee at the default rate.

25.   In the event of any sale, transfer, conveyance, devolution of title by law, or other change in ownership of the mortgaged Premises, or any part thereof, or in the event of any sale, transfer, conveyance, or other change in ownership of the stock of POWELL 1023 CORP., by any of the Guarantors of the Mortgage Note secured by this Mortgage, the entire principal balance due plus interest earned, plus late charges as incurred, shall immediately become due and payable. In the event Mortgagee commences a foreclosure suit or any other suit for the obligation, and Mortgagor alleges a bankruptcy defense or seeks protection in bankruptcy, there shall be added in the computation of the amount due to the Mortgagee the amount of two (2%) percent of the original principal indebtedness for attorney's fees and costs, and same shall be paid by the Mortgagor  This amount shall be in addition to all the Mortgagee's rights to assess and recover all disbursement and allowances and additional allowances provided by law.

26.   At the option of the Mortgagee, the Mortgagor shall deliver to the Mortgagee all payments of interest and amortization which are due and payable upon any prior mortgages or liens secured by the mortgaged Premises herein.

27.   If any mortgage installment payment is not received by the Mortgagee within seven (7) days of the date due, then Mortgagor shall pay a Late Charge fee of five per cent (5%) of the monthly installment amount for the purposes of defraying the expense incidental to handling such delinquent payment for each Mortgage installment due. If any of Mortgagor's payments shall be dishonored by Mortgagee's bank, for any reason whatsoever, Mortgagor shall pay a One Hundred Dollar ($100.00) Dishonored Check fee in addition to any charges imposed on Mortgagee by Mortgagee's bank.

4

28.   All personal property clauses in this Mortgage shall be binding on any future grantee and/or owner of the mortgaged Premises, regardless of whether or not said are assumed by any future grantee and/or owner.

29.   In any action to foreclose this Mortgage, for whatever legal reason, or in an action which the Mortgagee are obligated to bring to defend their lien, the Mortgagor shall pay to the Mortgagee a minimum of Five Thousand Dollars ($5,000.00) as reasonable attorney's fees and disbursements, in addition to statutory costs, disbursements, allowances, and/or additional allowances as may be awarded by any court in such action. This sum shall be included in any resulting judgment or decree of foreclosure.

30.   In the event the Mortgagor requests a satisfaction of this Mortgage, said documents shall be prepared by the attorney for the Mortgagee, and the Mortgagor shall pay the reasonable attorney's fee for the production of any such instrument. The parties agree that the reasonable fee for the preparation of the Satisfaction of Mortgage shall be not less than One Thousand Five Hundred Dollars ($1,500.00).

31.   In the event the amount due is accelerated as a result of a default on the behalf of the Mortgagor, other than failure to satisfy in full on the Maturity Date all obligations pursuant to the Mortgage Note of even date herewith and this Mortgage, then interest shall thereafter accrue at the rate of two (2%) per cent per month (but not greater than the highest rate permitted by law) until the date of full payment of all obligations pursuant to this Mortgage, including, but not limited to payment of two (2%) per cent per month (but not greater than the highest rate permitted by law), on the amount of the judgment obtained in the enforcement of this Mortgage, without prejudice to any of the Mortgagee's rights.

32.   In no event shall any amount or rate of interest collected, pursuant to the terms of this Mortgage, exceed the maximum amount of rate of interest permitted by the then applicable usury law. Should any amount or rate of interest, as provided for in this Mortgage, exceed that permitted pursuant to the then applicable usury law, then the amount of interest collected shall be reduced to the maximum amount or rate of interest permitted under any applicable usury law, and this Mortgage shall remain a fully binding and enforceable obligation.

33.   Hachan Choudhury, individually and as fiduciary of Mortgagor, represents that he is the President of Mortgagor, POWELL 1023 CORP., and that he has full authority to bind the Mortgagor. Hachan Choudhury, individually and as a fiduciary of Mortgagor, makes these representations knowing that the Mortgagee is relying specifically upon these representations in making the loan evidenced by the Mortgage Note and secured by this Mortgage. A breach of any of these representations shall be deemed a default hereunder, entitling the Mortgagee to accelerate the debt secured hereunder and to foreclose the lien of this Mortgage.

34.   Hachan Choudhury, individually and as fiduciary of Mortgagor, represents that this Mortgage and the execution of this Mortgage have been duly authorized by the shareholders of POWELL 1023 CORP., the Mortgagor.

35.   This is a First Mortgage in the principal amount of Five Hundred Fifty Thousand and 00/100 U.S. Dollars ($550,000.00).

36.   Mortgagor represents that it has not obtained any secondary financing and that it will not obtain any secondary financing, except upon the prior written consent of the Mortgagee, which consent may be withheld in Mortgagees sole and absolute and subjective discretion. A breach of any of these representations shall be deemed a default hereunder, entitling the Mortgagee to accelerate the debt secured hereunder and to foreclose the lien of this Mortgage.

37.   If Mortgagor shall at any time fail to make any payment or perform any act under this Mortgage required to be made or performed by it within the time periods provided therefore, including any grace periods, then Mortgagee, without waiving or releasing Mortgagor from any obligation or default under this instrument requiring such payment or performance, may at any time (but shall be under no obligation to do so) make such payment or perform such act for the account and at the expense of Mortgagor. All sums so paid by Mortgagee, and all costs and expenses incurred by Mortgagee in connection with the performance of any such act shall be paid by Mortgagor to Mortgagee upon demand with interest at the rate of twenty four percent (24%) per annum from the date of the payment or incurrence thereof to the actual date of repayment, and the same shall be deemed to be secured by this Mortgage and shall be a lien on the property covered by this Mortgage prior to any right, title to, interest in or claim upon the property covered by this Mortgage, which attaches, subsequent to the lien of this Mortgage. Said 24% default rate shall not be merged into or diminished by any judgment and such default rate shall continue until all payments due hereunder are paid in full.

Mortgagor shall immediately pay or reimburse Mortgagee for all costs, charges and expenses, including attorney's fees and disbursements, incurred or paid by Mortgagee for the purpose of collecting any money which may be due under this Mortgage, or to recover the mortgaged premises, or to protect its interests therein, or in connection with any pending or completed action, appeal, proceeding or dispute in which Mortgagee is made a party or appears as a party plaintiff or party defendant and which affects or might affect the Guaranty, this Mortgage or any other instrument securing the Guaranty, or the mortgaged premises or any part thereof, or the interests of Mortgagor or Mortgagee therein, including, but not limited to, the foreclosure of this Mortgage, condemnation involving all or part of the mortgaged premises or any action to protect the security hereof. All costs, charges and expenses so incurred or paid by Mortgagee shall become due and payable

5

immediately. The amounts so incurred or paid by Mortgagee, together with interest thereon at the rate set forth in this Paragraph above, from the date incurred until paid by Mortgagor, shall be added to the indebtedness and secured by the lien of this Mortgage. Mortgagee is hereby subrogated to any liens or any other encumbrances paid by Mortgagee to preserve its lien hereunder or otherwise paid on behalf of Mortgagor.

38. Mortgagor represents that the Premises shall not be used as its primary residence.

This mortgage may not be changed or terminated orally. The covenants contained in this Mortgage shall run with the land and bind the Mortgagor, the heirs, personal representatives, successors and assigns of the Mortgagor and all subsequent owners, encumbrances, tenants and subtenants of the premises, and shall enure to the benefit of the Mortgagee, the personal representatives, successors and assigns of the Mortgagee and all subsequent holders of this Mortgage. The word "Mortgagor" shall be construed as if it read "Mortgagors" and the word "Mortgagee" shall be construed as if it read "Mortgagees" whenever the sense of this Mortgage so requires.

**IN WITNESS WHEREOF**, this mortgage has been duly executed by the Mortgagor.

IN THE PRESENCE OF:          MORTGAGOR:

POWELL 1023 CORP., a New York corporation

By: X HACHAN

Hachan Chowdhury, President

W HC

WITNESS:

_____

STATE of NEW YORK
COUNTY OF NASSAU

On the 5th day of August, 2021, before me, the undersigned, a Notary Public in the State of New York, personally appeared HACHAN CHOWDHURY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, that by her/his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

(SEAL)

Notary Public

_____

### BALLOON MORTGAGE RIDER

Rider to Mortgage dated August 5, 2021, by and between MW LENDING LLC, a New York limited liability company,  having an office at 6800 Jericho Turnpike, Suite 212E, Syosset, New York 11791, (the "Lender") and POWELL 1023 CORP., a New York corporation, having offices c/o HACHAN CHOUDHURY at 1507 Metropolitan 1B, Bronx, New York 10462 (the "Borrower").

THIS LOAN HAS A BALLOON PAYMENT DUE ON THE MATURITY DATE, SEPTEMBER 1, 2022 (EXCEPT FOR THAT OPTION TO EXTEND LOAN FOR ONE YEAR AS PROVIDED IN THE MORTGAGE NOTE).   ON THE MATURITY DATE, YOU MUST REPAY THE ENTIRE OUTSTANDING PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE.  THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENTS OUT OF OTHER ASSETS THAT YOU MAY OWN, OR WILL HAVE TO FIND ANOTHER LENDER, WHICH LENDER MAY OR MAY NOT BE WILLING TO LEND YOU THE MONEY.  IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

I/we have read the above paragraph and
understand and consent to its contents.

POWELL 1023 CORP., a New York corporation

By    HACHAN
Hachan Choudhury, President

STATE OF NEW YORK
COUNTY OF NASSAU

On the 5th day of August, 2021, before me, the undersigned, a Notary Public in the State of New York, personally appeared Hachan Choudhury, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in her/his capacity, that by her/his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

(SEAL)

SCHEDULE A (Legal Description)



ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Bronx, City and State of New York, being more particularly bounded and described as follows:

BEGINNING at a point on the northerly side of Powell Avenue, distant 138.94 feet westerly from the corner formed by the intersection of the northerly side of Powell Avenue with the westerly side of Pugsley Avenue;

RUNNING THENCE northerly on a line forming an angle on its easterly side of 89 degrees 57 minutes with the said northerly side of Powell Avenue, 103.07 feet;

THENCE westerly and parallel with the northerly side of Powell Avenue, 24 feet;

THENCE southerly and parallel with the first course, 103.07 feet to the northerly side of Powell Avenue;

THENCE easterly along the northerly side of Powell Avenue, 24 feet to the point or place of BEGINNING.

TOGETHER with a perpetual right of way for ingress, egress and regress with the right at all times to pass and repass on foot and with autos over the strip of land adjoining the above described premises on the West, bounded southerly by the northerly side of Powell Avenue, northerly by a line 83 feet northerly from Powell Avenue and parallel thereto; easterly by the westerly boundary line of the above premises and westerly by a line drawn along the easterly face of the easterly wall of the building on the premises adjoining on the West; and lines drawn northerly and southerly in continuation thereof.

SUBJECT to a similar right of way over a strip of land, being part of the above described premises bounded southerly by the northerly side of Powell Avenue, northerly by a line 83 feet northerly from Powell Avenue and parallel thereto, westerly by the westerly boundary line of the above premises and easterly by a line drawn along the westerly face of the westerly wall of the building on the above premises and lines drawn northerly and southerly in continuation thereof.

# MORTGAGE

---

## POWELL 1023 CORP.,

### TO

## MW LENDING LLC

---

Parcel:

| | |
|---|---|
| Block: | 3792 |
| Lot: | 55 |
| County: | BRONX |

Street Address:

1985 Powell Avenue, Bronx, New York 10472

Title Abstract Company:  Omni Title Agency
Title Number:
Title Insurance Company:   First American Title Insurance Company

## RECORD AND RETURN TO:

## MW LENDING LLC

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.



2021081801065003001E2737

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 6 |
|---|---|---|
| Document ID: 2021081801065003 | Document Date: 08-05-2021 | Preparation Date: 08-18-2021 |
| Document Type: ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 4 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| OMNI TITLE AGENCY<br>6800 JERICHO TURNPIKE, SUITE 212E<br>2101-2974049<br>SYOSSET, NY 11791<br>516-621-1100<br>GIO@OMNITITLE.COM | OMNI TITLE AGENCY<br>6800 JERICHO TURNPIKE, SUITE 212E<br>2101-2974049<br>SYOSSET, NY 11791<br>516-621-1100<br>GIO@OMNITITLE.COM |

| PROPERTY DATA | | | | |
|---|---|---|---|---|
| Borough | Block | Lot | Unit | Address |
| BRONX | 3792 | 55 | Entire Lot | 1985 POWELL AVENUE |
| Property Type: DWELLING ONLY - 1 FAMILY | | | | |

| CROSS REFERENCE DATA |
|---|
| Document ID: 2021081801065002 |

| PARTIES | |
|---|---|
| ASSIGNOR/OLD LENDER:<br>MW LENDING LLC<br>6800 JERICHO TURNPIKE, STE 212E<br>SYOSSET, NY 11791 | ASSIGNEE/NEW LENDER:<br>DAJA SALES CORP<br>C/O CLIFFORD LEWISOHN, 195 ASH DRIVE<br>ROSLYN, NY 11576 |

☒ Additional Parties Listed on Continuation Page

| FEES AND TAXES | | | | |
|---|---|---|---|---|
| Mortgage : | | | Filing Fee: | |
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 57.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed    08-27-2021 13:49
City Register File No.(CRFN):
2021000340628

*City Register Official Signature*

NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER



2021081801065003001C25B7

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 6 |
|---|---|---|
| Document ID: 2021081801065003 | Document Date: 08-05-2021 | Preparation Date: 08-18-2021 |
| Document Type: ASSIGNMENT, MORTGAGE | | |

**PARTIES**

ASSIGNEE/NEW LENDER:
LAURENCE MASCERA
8704 AMARETTO AVENUE
SARASOTA, FL 34238

ASSIGNEE/NEW LENDER:
LAWRENCE M. WILENS
45 SUTTON PLACE SOUTH, APT 11F
NEW YORK, NY 10022

ASSIGNEE/NEW LENDER:
LESLIE GRANOFF
2000 SOUTH OCEAN BOUELVARD, APT 303N
PALM BEACH, FL 33480

ASSIGNEE/NEW LENDER:
MICHAEL ROBERTS
15 WOOD ACRES ROAD
BROOKVILLE, NY 11545

ASSIGNEE/NEW LENDER:
MICHAEL SUSSMAN
2808 CHESTERFIELD PLACE
WASHINGTON DC, DC 20008

ASSIGNEE/NEW LENDER:
NORTH-SIDE METRO ASSOCIATES, INC.
C/O SALVATORE MENDOLIA, 245 WILSON AVENUE
BROOKLYN, NY 11237

ASSIGNEE/NEW LENDER:
PHILIP GROSSMAN
7230 WINDING BAY LANE
WEST PALM BEACH, NY 33412

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

## ASSIGNMENT OF MORTGAGE

KNOW THAT,

MW LENDING LLC, a New York limited liability company, with an office at 6800 Jericho Turnpike, Suite 212E, Syosset, New York 11791 (hereinafter referred to as the "Assignor"), in consideration of FIVE HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($550,000.00), paid

1.    Thirty-Five Thousand ($35,000.00) Dollars by DAJA SALES CORP., a New York corporation, having an office c/o Clifford Lewisohn, at 195 Ash Drive, Roslyn, New York 11576; and paid

2.    Fifty Thousand ($50,000.00) Dollars by LAURENCE MASCERA, an individual residing at 8704 Amaretto Avenue, Sarasota, Florida 34238; and paid

3.    Fifty Thousand ($50,000.00) Dollars by LAWRENCE M. WILENS, an individual residing at 45 Sutton Place South, Apt 11F, New York, New York 10022; and paid

4.    Fifty Thousand ($50,000.00) Dollars by LESLIE GRANOFF, an individual with an address at 2000 South Ocean Boulevard, Apt. 303N, Palm Beach, Florida 33480; and paid

5.    One Hundred Fifty Thousand ($150,000.00) Dollars by MICHAEL ROBERTS, an individual with an address at 15 Wood Acres Road, Brookville, New York 11545; and paid

6.    Eighty Thousand ($80,000.00) Dollars by MICHAEL SUSSMAN, an individual residing at 2808 Chesterfield Place, Washington, D.C. 20008; and paid

7.    One Hundred Thousand ($100,000.00) Dollars by NORTH-SIDE METRO ASSOCIATES, INC., a New York corporation, with an address c/o Salvatore Mendolia, at 245 Wilson Avenue, Brooklyn, New York 11237; and paid

8.    Thirty-Five Thousand ($35,000.00) Dollars by PHILIP GROSSMAN, an individual residing at 7230 Winding Bay Lane, West Palm Beach, Florida 33412 (hereinafter collectively referred to as the "Assignees")

HEREBY ASSIGNS UNTO

1.    DAJA SALES CORP., a Six and 36/100 percent (6.36%) ownership interest in the mortgage hereinafter described; and hereby assigns unto

2.    LAURENCE MASCERA, a Nine and 09/100 percent (9.09%) ownership interest in the mortgage hereinafter described; and hereby assigns unto

3.    LAWRENCE M. WILENS, a Nine and 09/100 percent (9.09%) ownership interest in the mortgage hereinafter described; and hereby assigns unto

4.    LESLIE GRANOFF, a Nine and 09/100 percent (9.09%) ownership interest in the mortgage hereinafter described; and hereby assigns unto

5.    MICHAEL ROBERTS, a Twenty-Seven and 28/100 percent (27.28%) ownership interest in the mortgage hereinafter described, and hereby assigns unto

6.    MICHAEL SUSSMAN, a Fourteen and 55/100 percent (14.55%) ownership interest in the mortgage hereinafter described; and hereby assigns unto

7.    NORTH-SIDE METRO ASSOCIATES, INC., an Eighteen and 18/100 percent (18.18%) ownership interest in the mortgage hereinafter described; and hereby assigns unto

8.    PHILIP GROSSMAN, a Six and 36/100 percent (6.36%) ownership interest in the mortgage hereinafter described,

BEING THAT CERTAIN First Mortgage dated August 5, 2021, made by POWELL 1023 CORP., a New York corporation, to MW LENDING, LLC, in the original principal amount of FIVE HUNDRED FIFTY THOUSAND ($550,000.00) DOLLARS (the "Mortgage") together with interest on the principal balance from and after August 5, 2021, and which Mortgage secures a certain Mortgage Note dated August 5, 2021, made by POWELL 1023 CORP., a New York corporation, to MW LENDING, LLC in the original principal amount of FIVE HUNDRED FIFTY THOUSAND ($550,000.00) Dollars (the "Mortgage Note"). The Mortgage is about to be recorded in the Office of the City Register, of the City of New York, Bronx County, New York, immediately prior in time to the within Assignment of Mortgage, and which Mortgage is a lien on and covers the premises which consists of the following parcel: a residential single-family dwelling known as and by the street address of 1085 Powell Avenue, Bronx, Bronx County, State of New York with a tax map designation of Block 3792, Lot 55, Bronx County, State of New York;

TOGETHER with the bond or note or obligation described in said mortgage, and the money due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignees, in their respective ownership percentages, and to the successors, legal representatives and assigns of the assignees forever.

AND the assignor covenants that there is now owing upon said advance of principal, without offset or defense of any kind, the principal sum of $550,000.00, with interest thereon from the 5th day of August 2021.

This Assignment is subject to a certain servicing agreement between the Assignor and Next Step Lending, LLC, and the Assignees, whereby the Assignor and Next Step

Lending, LLC will continue to service the mortgage on behalf of the Assignees subject to the terms and conditions of such agreement. Interest shall accrue to the Assignees commencing on August 5, 2021.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of the instrument so requires.

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the assignor has duly executed this assignment as of August 5, 2021,

> MW LENDING LLC (Assignor)
>
> By: _____
> Michael Weinreb, Authorized Agent

STATE OF NEW YORK
COUNTY OF NASSAU

On the 5th day of August 2021, before me, the undersigned, a Notary Public in the State of New York, personally appeared MICHAEL WEINREB, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

(SEAL)

_____
Notary Public

Anton J Stone
Notary Public, State of New York
No. _____
Qualified in New York County
Commission Expires February 5, 2022

## ASSIGNMENT OF MORTGAGE



MW LENDING LLC

To

DAJA REALTY CORP., as to a 6.36% participation interest
LAURENCE MASCERA, as to a 9.09% participation interest
LAWRENCE M. WILENS, as to a 9.09% participation interest
LESLIE GRANOFF, as to a 9.09% participation interest
MICHAEL ROBERTS, as to a 27.28% participation interest
MICHAEL SUSSMAN, as to a 14.55% participation interest
NORTH-SIDE METRO ASSOCIATES, INC., as to an 18.18%
        participation interest
PHILIP GROSSMAN, as to a 6.36% participation interest

Parcel:

| | |
|---|---|
| Section: | |
| Block: | 3792 |
| Lot: | 55 |
| County of: | Bronx |
| Street Address: | 1985 Powell Avenue, Bronx, New York |

RETURN BY MAIL TO:

OMNI TITLE AGENCY